<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUNIOR FERNANDEZ,<br><br>　　Plaintiff,<br><br>　　v.<br><br>PALISADES INTERSTATE PARKWAY POLICE DEPARTMENT *et al.*,<br><br>　　Defendants. | No. 25cv3039 (EP) (JRA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Junior Fernandez filed a complaint bringing various civil rights claims against Defendants Palisades Interstate Parkway Police Department, Sergeant Raymond Walter, Officers Matthew Hearon, Elizabeth J. Santon, Kevin Rodrigo, and Anthony Engel, and various John Does. D.E. 10 ("First Amended Complaint" or "FAC"). Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 9 ("IFP Application"). Because Plaintiff demonstrates financial need, the Court will **GRANT** the IFP Application. The Court must also screen the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court will **DISMISS** the First Amended Complaint because the applicable statute of limitations has expired.

**I.　BACKGROUND[1]**

On September 4, 2019, Officer Matthew Hearon stopped Plaintiff's vehicle. FAC at 2; Compl. at 12. Although Plaintiff's designated driver had been driving his vehicle, Officer Matthew

---

[1] The First Amended Complaint is Plaintiff's operative complaint. D.E. 13. However, because Plaintiff proceeds *pro se*, the Court construes his First Amended Complaint liberally and looks to Plaintiff's other submissions, such as his original complaint, D.E. 1 ("Compl."), to glean relevant details supporting the claims in his operative complaint. *See infra* Section II.

Hearon had Plaintiff step outside the vehicle and kept him there for about an hour, FAC at 2, until other police officers arrived on the scene, Compl. at 12.  While waiting for the other officers, Plaintiff twice informed Officer Matthew Hearon that he had a "bladder and abdominal condition" due to a previous gunshot wound and surgery, D.E. 6-4, and needed to use the restroom,  FAC at 2.  After other police officers arrived, a K-9 unit alerted on the vehicle and the police officers subsequently searched the vehicle.  Compl. at 2.  Plaintiff's submissions indicate that the police found what appeared to be marijuana and drug paraphernalia.  D.E. 6-9 at 1.  The police officers charged Plaintiff with N.J.S.A. § 2C:35-10a(4), personal use of cannabis items, and N.J.S.A. § 2C:36-2, possession of drug paraphernalia.  *Id.*  The police then impounded Plaintiff's vehicle.  FAC at 2.  The charges against Plaintiff were later dismissed on September 9, 2020.  *Id.*

II.     **LEGAL STANDARD**

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[2]   28 U.S.C. § 1915(e)(2)(B).  Under the screening determination, complaints may also be dismissed for failure to state a claim.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under Section 1915(e)(2)(B)).

---

[2] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service.  *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes '[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.'" quoting *Magruder v. Grafton Corr. Inst.*, No. 19-1980, 2020 WL 2814532, at *3 (N.D. Ohio Apr. 1, 2020))).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). As Plaintiff proceeds *pro se,* the Court holds the Complaint to a less stringent standard than one drafted by an attorney. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, the Court need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Courts may also *sua sponte* dismiss an IFP plaintiff's complaint if the underlying causes of action clearly fall outside the applicable statute of limitations. *Rogers v. Perez*, No. 25-1215, 2025 WL 847848, at *1 (D.N.J. Mar. 18, 2025) (citing *Johnstone v. United States*, 880 F. Supp 148, 154 (E.D. Pa. 1997)).

### III. ANALYSIS

#### A. Plaintiff's IFP Application

Plaintiff's IFP Application declares that his income consists of $ 6,000 monthly from self-employment. IFP Application at 1. Plaintiff also states that he has $ 5482 in monthly expenses from rent, utilities, home maintenance, food, laundry and dry-cleaning, insurance, alimony, gas and tolls, and work van insurance payments. *Id.* at 3-4. Because Plaintiff sufficiently establishes his inability to pay, the Court will **GRANT** his IFP Application.

B.     **Plaintiff's § 1983 Claims**

Plaintiff brings claims under 42 U.S.C. § 1983 for Fourth Amendment, Fourteenth Amendment, and Eighth Amendment Constitutional violations.[3]  FAC at 2.  Plaintiff's claims, however, are clearly outside the applicable statute of limitations.  Plaintiff complains about conduct that occurred in 2019.  FAC at 2.  Yet, § 1983 claims must be brought within two years of the actionable event.  *O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006).  Therefore, the limitations period for Plaintiff's § 1983 claims expired in 2021.  Plaintiff mentions that the charges against him "were dismissed on September 9, 2020, but Plaintiff suffered extended harm due to ineffective counsel and sealed case confusion."  FAC at 2.  Plaintiff, however, does not identify how he was harmed or why any potential harm merits tolling the limitations period for approximately four years.

IV.    **CONCLUSION**

Because Plaintiff's claims are outside the applicable limitations period, the Court will **DISMISS** *without prejudice* Plaintiff's First Amended Complaint.  Plaintiff will be given **45 days** to submit a proposed amended complaint, which the Court may use to determine whether there exists any justification to toll the applicable limitation period.  Accordingly,

**IT IS** on this **23rd** day of July 2025, for the foregoing reasons,

**ORDERED** that Plaintiff's IFP Application, D.E. 9, is **GRANTED**; and it is further

---

[3] Plaintiff mentions "Deliberate Indifference to Medical Need" in his FAC.  FAC at 2.  The Court construes this as a § 1983 claim for an Eighth Amendment violation.  Plaintiff also mentions "Negligent and Unlawful Impoundment."  *Id.*  Because Plaintiff does not allege any injury to his vehicle, the Court construes this as a § 1983 claim for an unlawful seizure, a Fourth Amendment violation.  FAC at 2 ("The vehicle was impounded improperly, and Plaintiff[']s due process rights were violated throughout the incident and prosecution.").

4

**ORDERED** that Plaintiff's First Amended Complaint, D.E. 10, is **DISMISSED** *without prejudice* pursuant to U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it further

**ORDERED** that Plaintiff may file a proposed amended complaint within **45 days** to cure the deficiencies identified in this Memorandum Order; and it is further

**ORDERED** that any proposed amended complaint will be subject to this Court's screening pursuant to U.S.C. § 1915(e)(2)(B); and

**ORDERED** that the Clerk of Court **REOPEN** this action if the proposed amended complaint passes the Court's screening pursuant to U.S.C. § 1915(e)(2)(B); and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff via regular mail.

Evelyn Padin, U.S.D.J.