<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUNIOR FERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>PALISADES INTERSTATE PARKWAY POLICE DEPARTMENT *et al.*,<br><br>    Defendants. | No. 25cv3039 (EP) (JRA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Junior Fernandez filed a complaint bringing various civil rights claims against Defendants Palisades Interstate Parkway Police Department ("PIPPD"), PIPPD Sergeant Raymond Walter, PIPPD Officers Matthew Hearon, Elizabeth J. Santon, Kevin Rodrigo, and Anthony Engel, and various John Does. D.E. 15 ("Second Amended Complaint" or "SAC"). Because Plaintiff proceeds *in forma pauperis*, D.E. 14, the Court must screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court will **DISMISS** Plaintiff's Second Amended Complaint *without prejudice*.

**I.    BACKGROUND**

    **A.    Procedural Background**

Plaintiff filed his first complaint on April 17, 2025 without paying the required filing fee under 28 U.S.C. §1914(a), nor the administrative fee required under Appendix K to the Local Civil Rules. D.E. 1 ("Complaint" or "Compl."). Plaintiff then filed an application to proceed *in forma pauperis* ("IFP") on May 29, 2025 and filed an amended complaint on June 16, 2025. D.Es. 9 ("IFP Application") & 10 ("First Amended Complaint" or "FAC"). Because Plaintiff filed his First

Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff's First Amended Complaint became his operative complaint. *See* D.E. 13. This Court granted Plaintiff IFP Application and then screened and dismissed Plaintiff's First Amended Complaint pursuant to 28 U.S.C. §1915(e)(2)(B). D.E. 14. Plaintiff has now filed a proposed Second Amended Complaint. D.E. 15.

B.     **Factual Background**[1]

On September 9, 2019,[2] Officer Matthew Hearon stopped Plaintiff's vehicle. FAC at 2; Compl. at 12. Although Plaintiff had not been driving the vehicle himself, Officer Matthew Hearon asked Plaintiff to step outside and subsequently kept him there for about an hour, FAC at 2, until other police officers and a K-9 unit arrived on the scene, Compl. at 12. While Officer Matthew Hearon waited for other officers to arrive, Plaintiff informed Officer Matthew Hearon that he had a "bladder and abdominal condition" due to a previous gunshot wound and surgery, D.E. 6-4, and that he needed to use the restroom, FAC at 2. Officer Matthew Hearon repeatedly denied Plaintiff's requests. Compl. at 2.

After other police officers arrived and reviewed the outside of Plaintiff's vehicle, a K-9 unit alerted on the vehicle, prompting the police officers to search the vehicle.[3] *Id.* at 2. Plaintiff's

---

[1] The Second Amended Complaint is Plaintiff's current operative complaint. D.E. 15. However, because Plaintiff proceeds *pro se*, the Court construes his Second Amended Complaint liberally and looks to Plaintiff's other submissions, such as his original complaint, D.E. 1 ("Compl."), and his First Amended Complaint, D.E. 10, to glean relevant details supporting the claims in his operative complaint. *See* D.E. 14.

[2] The First Amended Complaint, D.E. 10, disclosed that Plaintiff's vehicle was stopped on September 4, 2019. Plaintiff's Second Amended Complaint provides that this occurred on September 9, 2019.

[3] Plaintiff's statements are inconsistent regarding whether the K-9 unit alerted or not on the vehicle. *See* Compl. at 2 (stating that the K-9 unit alerted); SAC at 1 (stating that Defendants fabricated a claim that the K-9 unit alerted).

submissions indicate that the police found what appeared to be marijuana and drug paraphernalia. D.E. 6-9 at 1. The police officers charged Plaintiff with N.J. Stat. Ann. § 2C:35-10a(4), personal use of cannabis items, and N.J. Stat. Ann. § 2C:36-2, possession of drug paraphernalia. *Id.* The police did not provide Plaintiff with his *Miranda* rights.[4] SAC at 1. The police then impounded Plaintiff's vehicle. FAC at 2. The charges against Plaintiff were later dismissed on September 9, 2020. *Id.*

## II.    LEGAL STANDARD

Courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[5] 28 U.S.C. § 1915(e)(2)(B). Under the screening determination, complaints may also be dismissed for failure to state a claim. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under Section 1915(e)(2)(B)).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555

---

[4] Plaintiff's exhibits include a signed declaration that he was provided with his *Miranda* rights. *Compare* SAC at 1, *with* D.E. 6-13.

[5] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Second Amended Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes '[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.'" quoting *Magruder v. Grafton Corr. Inst.*, No. 19-1980, 2020 WL 2814532, at *3 (N.D. Ohio Apr. 1, 2020))).

(internal citation omitted). As Plaintiff proceeds *pro se,* the Court holds the Complaint to a less stringent standard than one drafted by an attorney. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, the Court need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Courts may also *sua sponte* dismiss an IFP plaintiff's complaint if the underlying causes of action clearly fall outside the applicable statute of limitations. *Rogers v. Perez*, No. 25-1215, 2025 WL 847848, at *1 (D.N.J. Mar. 18, 2025) (citing *Johnstone v. United States*, 880 F. Supp 148, 154 (E.D. Pa. 1997)).

### III. ANALYSIS

Plaintiff brings claims under 42 U.S.C. § 1983 for Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment Constitutional violations, and for malicious prosecution.[6] SAC at 1. Plaintiff's claims, however, are clearly outside the applicable statute of limitations. Plaintiff complains about conduct that occurred in 2019. SAC at 1. Yet, § 1983 claims must be brought within two years of the actionable event. *O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006). Therefore, the limitations period for Plaintiff's § 1983 claims expired in 2021.

Plaintiff, however, argues that the statute of limitations should be tolled because (1) the COVID-19 pandemic made filing "materially impossible"; (2) he suffered periods of instability

---

[6] Plaintiff mentions he informed Defendants of his serious medical condition a that Defendants ignored his requests for bathroom access, which caused him pain and injury. FAC at 2. The Court construes this as a § 1983 claim for an Eighth Amendment violation. Plaintiff also mentions "Negligent and Unlawful Impoundment." *Id.* Because Plaintiff does not allege any injury to his vehicle, the Court construes this as a § 1983 claim for an unlawful seizure, a Fourth Amendment violation. FAC at 2 ("The vehicle was impounded improperly, and Plaintiff[']s due process rights were violated throughout the incident and prosecution.").

4

and homelessness; (3) Defendants' conduct (*i.e.*, refusing to provide bathroom access for an hour) aggravated Plaintiffs medical complications, resulting in a hernia and required surgery; (4) Plaintiff's prior attorney's conduct, which forced Plaintiff to proceed *pro se*, impeded him; and (5) Plaintiff has spent years seeking records of his arrest and only recently obtained dash cam video in 2025. SAC at 2.

Plaintiff's documents and statements are internally inconsistent and indicate that Plaintiff misrepresents material facts. For example, Plaintiff contends that the statute of limitations should be tolled four years because Plaintiff has been diligently requesting public records from the Police Department but has only just recently, in 2025, received missing dash cam footage. SAC at 2. But Plaintiff's submissions indicate that he has had dash came footage since 2021. D.E. 6-14 ("I already have my dash cam footage please do not include that."). Plaintiff's Second Amended Complaint alleges that Defendants fabricated that a K-9 unit alerted on Plaintiff's car but Plaintiff's initial Complaint—where he provides a detailed summary of events—represents that the K-9 unit did alert on his car. Compl. at 2. Plaintiff's Second Amended Complaint also alleges that Defendants did not provide Plaintiff with his *Miranda* rights, but Plaintiff's exhibits include a form—bearing his signature and the date of his arrest—listing the *Miranda* rights and indicating that Plaintiff read them and that a police officer read them to him out loud. D.E. 6-13. These contradictions concern material facts and do not permit the Court to determine what version of events should apply. Nor can the Court solely rely on the Second Amended Complaint because it incorporates other filings and does not provide enough detail on its own to survive dismissal.

Even considering Plaintiff's filings liberally, the Court cannot accept as true Plaintiff's allegations. *Iqbal,* 556 U.S. at 678 (explaining that claims may be dismissed when they "are not entitled to the assumption of truth"); *see also Slabon v. Dart*, 2018 WL 10498554, at *2 (N.D. Ill.

5

Nov. 14, 2018) (dismissing IFP plaintiff's complaint because it contained information inconsistent with his other submissions). Accordingly, the Court **DISMISSES** Plaintiff's Second Amended Complaint. However, the Court will **PERMIT** Plaintiff **45 days** to submit an amended proposed complaint. Plaintiff must file the relevant exhibits and all material details concerning his allegations in a single operative filing and must also therein address the deficiencies identified by this Order.

IV.     **CONCLUSION**

Because the Court cannot take as true Plaintiff's allegations, the Court will **DISMISS** *without prejudice* Plaintiff's Second Amended Complaint. Plaintiff will be given **45 days** to submit a proposed amended complaint, which the Court may use to determine whether Plaintiff's complaint may proceed. Accordingly,

**IT IS** on this 2nd day of February 2026, for the foregoing reasons,

**ORDERED** that Plaintiff's Second Amended Complaint, D.E. 15, is **DISMISSED** *without prejudice* pursuant to U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it further

**ORDERED** that Plaintiff may file a proposed amended complaint within **45 days** to cure the deficiencies identified in this Memorandum Order; and it is further

**ORDERED** that any proposed amended complaint will be subject to this Court's screening pursuant to U.S.C. § 1915(e)(2)(B); and

**ORDERED** that the Clerk of Court shall **REOPEN** this action if the proposed amended complaint passes the Court's screening pursuant to U.S.C. § 1915(e)(2)(B); and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff via regular mail.

_____
Evelyn Padin, U.S.D.J.

7